IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LOUIS G. GALLOWAY, SR.,

            **Plaintiff,**

    v.                                    CASE NO. 07-3016-SAC

SUSAN HADL, et al.,

            **Defendants.**

**O R D E R**

Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983, filed while plaintiff was a prisoner confined in the Douglas County Jail in Lawrence, Kansas. Plaintiff is currently incarcerated in the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff's motion for leave to proceed in forma pauperis in this civil action is pending plaintiff's payment of an initial partial filing fee assessed by the court pursuant to 28 U.S.C. § 1915(b)(1).

Plaintiff seeks relief for the alleged violation of his constitutional rights by the use of excessive force during his arrest on June 8, 2006. The individual defendants named in the complaint are Lawrence Police Officers Susan Hadl, Scott Hofer, and Shannon Riggs.

Plaintiff also names the Lawrence Police Department and the Douglas County Sheriff's Department as defendants. These

defendants are not entities amenable to suit.  See Whayne v. State of Kan., 980 F.Supp. 387, 391-92 (D.Kan. 1997)(municipal police department is only sub-unit of government and is not subject to suit).  Accordingly, the court finds plaintiff's claims against these defendants are subject to being summarily dismissed because they state no claim upon which relief can be granted under 42 U.S.C. § 1983.  See 28 U.S.C. § 1915A(a) and (b)(court to screen civil complaint filed by a prisoner to identify cognizable claims and to dismiss the complaint or any portion thereof that is (1) frivolous, malicious or fails to state a claim, or (2) seeks damages from a defendant immune from such relief).

Having reviewed the numerous documents plaintiff submitted for inclusion in this action after he filed his complaint, the court directed the clerk's office to docket all pleadings submitted in proper format, and to place all other documents as correspondence in the case file.

Plaintiff's documents generally concern the conditions of his confinement at the Douglas County Jail after his arrest.  In a pleading docketed as a first supplement to the complaint (Doc. 3), plaintiff seeks to amend his complaint to allege discrimination and harassment by unnamed staff at the jail, and to seek a protective order to be placed in special housing at the facility. The court treats this pleading as plaintiff's amendment "as of right" to the complaint pursuant to Fed.R.Civ.P. 15(a), but finds plaintiff's request for a protective order was rendered moot by plaintiff's transfer to a state correctional facility.  See Martin

v. Sargent, 780 F.2d 1334 (8th Cir. 1985)(claim for injunctive relief moot if no longer subject to conditions). *See also*, Cox v. Phelps Dodge Corp., 43 F.3d 1345, 1348 (10th Cir. 1994)(declaratory relief subject to mootness doctrine).

The allegations in plaintiff's remaining pleadings include his placement in administrative lockdown, the handling of his administrative grievances, and impaired access to legal materials including materials ordered by plaintiff.  Plaintiff also consistently alleges that various jail officers not named as defendants maliciously and intentionally try to intimidate and harass plaintiff to cause him mental distress.

Notwithstanding plaintiff's efforts to "record" his various complaints against staff and administrative requests by sending copies to this court, the court finds this information is not relevant to plaintiff's allegations of being subjected to excessive force during his arrest, and further finds the protective orders sought in these pleadings were rendered moot by plaintiff's transfer from the Lawrence jail.  The court thus denies plaintiff leave to amend the complaint to add these claims to the complaint.  Although leave to amend a complaint is to be freely given, Forman v. Davis, 371 U.S. 178, 812 (1962), refusal to amend the complaint is justified if the proposed amendments would be futile, Id.

Accordingly, the court denies without prejudice all pending motions but for plaintiff's motion for leave to proceed in forma pauperis, and directs plaintiff to show cause why the Lawrence Police Department and the Douglas County Sheriff's Department

should not be dismissed from this action pursuant to 28 U.S.C. § 1915A(a) and (b).

IT IS THEREFORE ORDERED that plaintiff's motions (Docs. 11-14 and 26-29) are denied without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this order to show cause why the Lawrence Police Department and the Douglas County Sheriff's Department should not be dismissed from this lawsuit.

**IT IS SO ORDERED.**

DATED:  This 13th day of April 2007 at Topeka, Kansas.


                                 s/ Sam A. Crow
                                SAM A. CROW
                                U.S. Senior District Judge