IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**LOUIS G. GALLOWAY, SR.,**

           **Plaintiff,**

     v.                                         CASE NO. 07-3016-SAC

**SUSAN HADL, et al.,**

           **Defendants.**

## O R D E R

Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983 while plaintiff was a prisoner confined in the Douglas County Jail in Lawrence, Kansas. Plaintiff is currently incarcerated in a state facility, and is now in the custody of the Kansas Department of Corrections (KDOC). Having reviewed the record, the court enters the following findings and order.

*In Forma Pauperis Motion*

Pursuant to plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. § 1915 without prepayment of the district court filing fee, the court directed plaintiff to pay an initial partial filing fee of $20.00. 28 U.S.C. § 1915(b)(1). Plaintiff has not paid this assessed fee, but documents his inability to do so now that he is in state custody. The court grants plaintiff's motion. *See* 28 U.S.C. § 1915(b)(4)(where inmate has no means to

pay initial partial filing fee, prisoner is not to be prohibited from bringing a civil action). Plaintiff remains obligated to pay the full $350.00 district court filing fee, through automatic payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

*Dismissal of Two Defendants*

Plaintiff seeks relief for the alleged violation of his constitutional rights by the use of excessive force during his arrest on June 8, 2006. The individual defendants named in the complaint are Lawrence Police Officers Susan Hadl, Scott Hofer, and Shannon Riggs, all identified as being involved in plaintiff's arrest. Plaintiff also names the Lawrence Police Department and the Douglas County Sheriff's Department as defendants. By an order dated April 13, 2007, the court directed plaintiff to show cause why these latter two defendants should not be dismissed as entities not amenable to being sued.

Plaintiff filed various pleadings in response, but none squarely addressed the court's directive. Moreover, plaintiff's bare reference to his problematic and personal interaction with local law enforcement over a thirty plus year history is insufficient to state any claim for relief against a municipal entity. *See* Collins v. City of Harker Heights, 503 U.S. 114 (1992)(a governmental entity may not be held vicariously liable for constitutional violations under a theory of respondeat superior). Plaintiff identifies no action by the arresting

officers attributable to any policy or custom of the City of Lawrence or Douglas County.  *See* Monell v. Dept. of Social Services, (436 U.S. 658, 694 (1978)(a city or county may be liable on a § 1983 claim only when the plaintiff is deprived of constitutional rights pursuant to a policy or custom of the city or county).

Accordingly, for the reasons stated herein and in the order entered on April 13, 2007, the court concludes the Lawrence Police Department and the Douglas County Sheriff's Department should be dismissed because plaintiff's allegations state no claim against either defendant upon which relief can be granted under 42 U.S.C. § 1983.  *See* 28 U.S.C. § 1915A(a) and (b)(court to screen civil complaint filed by a prisoner to identify cognizable claims and to dismiss the complaint or any portion thereof that is (1) frivolous, malicious or fails to state a claim, or (2) seeks damages from a defendant immune from such relief).

*Supplementation of the Record*

The court grants plaintiff's various requests to submit pleadings to augment the factual basis and legal authority for plaintiff's excessive force claim.  To the extent plaintiff complains that his repeated requests for the names of the officers involved in his June 2006 arrest have not been honored, plaintiff is advised that such allegations in and of themselves present no claim of constitutional deprivation for the purpose of stating a claim for relief under 42 U.S.C. § 1983.  Instead, the court

liberally construes the supplemented complaint as including not yet identified officers as "John Doe" defendants. Plaintiff's reference to federal discovery rules and sanctions is premature where no defendant has yet been served with summons.

*Requests for Court Order*

Plaintiff's pleadings also contain repeated requests for the court to order KDOC officials to allow plaintiff to receive two legal texts by mail that were confiscated when plaintiff was transferred from the Douglas County Jail to KDOC custody. The court denies these requests. No KDOC official is named as defendant in this matter. Moreover, notwithstanding plaintiff's suggestion that his right of access to the courts is being impaired by not having these specific legal resources, the court finds no deprivation of constitutional significance,[1] and finds no amendment of the complaint is warranted or appropriate to include such a claim.

*Response from Remaining Defendants*

As to plaintiff's claims against the three remaining named defendants, the court finds a response is required. A court is to liberally construe a pro se litigant's pleadings. *See* Haines v. Kerner, 404 U.S. 519, 520-21 (1972)(pro se pleadings are to be

---

[1] Prisoners have a constitutional right of access to the courts, Bounds v. Smith, 430 U.S. 817, 828 (1977), but a showing of actual prejudice is required to state a cognizable claim, Lewis v. Casey, 518 U.S. 343, 351 (1996). *See e.g.*, Penrod v. Zavaras, 94 F.3d 1399, 1403 (10th Cir. 1996)(right of access to the courts does not require unlimited access to legal resources, or guarantee an inmate the right to select the method of access).

liberally construed); Hunt v. Uphoff, 199 F.3d 1220, 1223 (10th Cir. 1999)(same).  To determine whether the complaint or any claim therein should be dismissed as stating no claim for relief, the court must accept plaintiff's allegations as true, and the court must construe the allegations and any reasonable inferences to be drawn therefrom in the light most favorable to the plaintiff. Perkins v. Kansas Dept. of Corrections, 165 F.3d 803, 806 (10th Cir. 1999).  Applying this standard, plaintiff's account of the use of force during his arrest, including the use of mace after he was in handcuffs and then being chained to the floor without an opportunity to wash chemicals out of his eyes, is sufficient to avoid summary dismissal under 28 U.S.C. § 1915(e)(2)(B) of plaintiff's claims against the remaining defendants.

*Dismissal of Charges*

To the extent plaintiff seeks dismissal "of all cases involving my arrest" (Complaint, p.5), plaintiff is essentially challenging the legality of any confinement related to his June 2006 arrest.  To seek release from confinement based on alleged constitutional error in a state court's judgment and sentence, plaintiff must proceed in a petition for writ of habeas corpus after first exhausting state court remedies.  *See* Preiser v. Rodriquez, 411 U.S. 475 (1973)(state prisoner's challenge to fact or duration of confinement must be presented through petition for writ of habeas corpus after exhausting state court remedies).  Plaintiff may not pursue such relief in a complaint filed under 42

U.S.C. § 1983.  Id.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, and that collection of the $350.00 district court filing fee in this civil action is to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that the Lawrence Police Department and the Douglas County Sheriff's Department are dismissed because no claim for relief under 42 U.S.C. § 1983 is stated against either defendant.

IT IS FURTHER ORDERED that plaintiff's motions to supplement the record with additional evidence and legal authorities (Docs. 39, 40, 41, 42, and 43) are granted, and that the complaint as supplemented is liberally construed by the court as naming "John Doe" officers as defendants.

IT IS FURTHER ORDERED that plaintiff's requests for an order for the return of specific legal resources (Docs. 36, 38, and 40) are denied.

IT IS FURTHER ORDERED that the clerk's office shall prepare waiver of service of summons forms for the three remaining named defendants pursuant to Rule 4 of the Federal Rules of Civil Procedure, to be served by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.

IT IS FURTHER ORDERED that the screening process under 28 U.S.C. 1915A having been completed, this matter is returned to the

clerk of the court for random reassignment pursuant to D. Kan. R. 40.1.

Copies of this order are to be transmitted to the parties, and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 25th day of October 2007 at Topeka, Kansas.


　　　　　　　　　　　　　　　　　　s/ Sam A. Crow
　　　　　　　　　　　　　　　　　　SAM A. CROW
　　　　　　　　　　　　　　　　　　U.S. Senior District Judge