IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **LOUIS G. GALLOWAY,**           )<br>                                                       )<br>                        **Plaintiff,**           )<br>                                                       )<br>v.                                                    )<br>                                                       )<br>**SUSAN HADL, et al.,**                   )<br>                                                       )<br>                        **Defendants.**      )<br>_____) | CIVIL ACTION<br><br>No. 07-3016-KHV |

**MEMORANDUM AND ORDER**

Under 42 U.S.C. § 1983, Louis G. Galloway brings suit against officers Susan Hadl, Scott Hofer and Shannon Riggs of the Lawrence, Kansas police department and an unknown number of John Doe officers.[1] Plaintiff alleges violations of his constitutional rights by use of excessive force. This matter comes before the Court on plaintiff's Motion For Notice Of Concern (Doc. #65) and plaintiff's Motion For Notice Of Concern (Doc. #66) both filed February 11, 2008, which are identical and which the Court construes as motions to recuse. For reasons stated below, the Court overrules the motions.

In his motions, plaintiff states that he "feels the [d]efendant(s) could have personal contact" with the undersigned judge, and asks that the case be reassigned to the Topeka division of the district court.[2] Appropriate bases for recusal are set forth in 28 U.S.C. §§ 144 and 455. The Court exercises

---

[1] The Court previously dismissed the Lawrence police department and the sheriff's department of Douglas County, Kansas. See Order (Doc. #44) filed October 25, 2007 at 2-3.

[2] Although plaintiff requests transfer to the Topeka division of the district court, the Court does not construe his filings as a motion to transfer venue. In considering motions for intra-district transfer, the Court evaluates factors of practicality which make trial "easy, expeditious and economical." See Semsroth v. City of Wichita, No. 06-2376-KHV, 2007 WL 2462178, at *1-2

(continued...)

discretion in deciding whether to recuse. Weatherhead v. Globe Int'l, Inc., 832 F.2d 1226, 1227 (10th Cir. 1987).

Under Section 144, a district judge must recuse herself "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge . . . has a personal bias or prejudice either against him or in favor of any adverse party." 28 U.S.C. § 144. Here, plaintiff has not filed an affidavit, let alone one which details any personal bias or prejudice on the part of the undersigned judge. For this reason alone, the undersigned judge will not recuse under Section 144. See Edmond v. Athlete's Foot Group, 15 Fed. Appx. 738, 740 n.2 (10th Cir. 2001) (Section 144 not at issue where party seeking recusal does not file affidavit). In any event, plaintiff has expressed nothing more than his feeling that the undersigned judge could have personal contact with defendants, which is insufficient to warrant recusal under Section 144. See Hinman v. Rogers, 831 F.3d 937, 939 (10th Cir. 1987) (conclusions, rumors, beliefs and opinions not sufficient for disqualification under Section 144; party seeking recusal must identify facts of time, place, persons, occasion and circumstances supporting bias or prejudice).

Under Section 455(a), a district judge "shall disqualify [herself] in any proceeding in which [her] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The test for disqualification is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality. United States v. Cooley, 1 F.3d 985, 993 (10th Cir. 1993). Section 455(a) does not mandate recusal on the "merest unsubstantiated suggestion of personal bias or prejudice," and is not

---

[2](...continued)
(D. Kan. Aug. 29, 2007) (quoting Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991)). Here, plaintiff does not request transfer as a practical matter, but seeks to avoid a perceived bias against him. Because plaintiff raises questions of impropriety involving the undersigned judge, the Court construes his filings as motions to recuse.

intended to give litigants a veto power over sitting judges or a means of judge shopping.  Id.  Here, plaintiff does not allege that the undersigned judge has actually engaged in any act of impropriety. The suggestion of a *potential* for personal contact between defendants and the undersigned judge would not cause a reasonable person to question the undersigned judge's impartiality and does not warrant recusal under Section 455(a).  See Hinman, 831 F.3d at 939 (judge should not recuse herself on unsupported, irrational or highly tenuous speculation).  The undersigned judge assures plaintiff that she has had no contact or ex parte communication with defendants.

The Tenth Circuit recognizes that district judges have a strong duty to sit on cases filed with the court where no legitimate basis for recusal exists.  See Nichols v. Alley, 71 F.3d 347, 351 (10th Cir. 1995).  Under these circumstances, the Court finds no legitimate basis for recusal, and plaintiff's motions for recusal are therefore overruled.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Notice Of Concern (Doc. #65) and plaintiff's Motion For Notice Of Concern (Doc. #66) both filed February 11, 2008, which the Court construes as motions to recuse, be and hereby are **OVERRULED**.

Dated this 26th day of March, 2008 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge