## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **LOUIS G. GALLOWAY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **No. 07-3016-KHV** |
| **SUSAN HADL, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| _____ | ) | |

### MEMORANDUM AND ORDER

Under 42 U.S.C. § 1983, Louis G. Galloway brings suit against officers Susan Hadl, Scott Hofer and Shannon Riggs of the police department of Lawrence, Kansas. Plaintiff also sues an unknown number of John Doe officers of the sheriff's department of Douglas County, Kansas. Plaintiff alleges violations of his constitutional rights under the Fourth, Fifth, Eighth and Fourteenth Amendments. This matter comes before the Court on the named officers' Motion To Dismiss (Doc. #55) filed January 17, 2008. For reasons stated below, the motion is sustained in part.

### Legal Standards

Hadl, Hofer and Riggs seek dismissal of plaintiff's complaint for failure to state a claim under Rule 12(b)(6), Fed. R. Civ. P. For purposes of the motion, the Court accepts as true all well-pleaded factual allegations in the complaint and draws all reasonable inferences from those facts in favor of plaintiff. See Moore v. Guthrie, 438 F.3d 1036, 1039 (10th Cir. 2006). Rule 12(b)(6) does not require detailed factual allegations, but the complaint must set forth the grounds of plaintiff's entitlement to relief through more than labels, conclusions and a formulaic recitation of the elements of a cause of action. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007); see also Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (plaintiff need not precisely state each element, but

must plead minimal factual allegations on those material elements that must be proved). In other words, plaintiff must allege sufficient facts to state a claim which is plausible – rather than merely conceivable – on its face. Bell Atlantic Corp., 127 S. Ct. at 1974. Because plaintiff proceeds *pro se*, the Court will liberally construe his complaint. See Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007).

### Factual Background

Plaintiff's complaint is summarized as follows:

On June 8, 2006, officers Hadl, Hofer and Riggs arrested plaintiff (a black man) after responding to a disturbance call. The officers placed plaintiff in handcuffs and led him to a patrol car. While walking to the patrol car, two of the officers grabbed and pulled plaintiff's hair. When one officer grabbed his throat, plaintiff turned toward the officers and another officer sprayed him with pepper spray. The officers kicked and pushed plaintiff as they placed him the patrol car. They transported him to the Douglas County jail, where John Doe defendants handcuffed him to a cell floor and refused to let him wash the pepper spray from his face.

Plaintiff claims that Hadl, Hofer and Riggs used excessive force in violation of the Fourth Amendment (Count I) and denied him due process and equal protection in violation of the Fourteenth Amendment (Count IV).[1] The officers argue that the Court should dismiss plaintiff's claims on the

---

[1]       Plaintiff also alleges violations of the Fifth and Eighth Amendments. Under the Fifth Amendment, plaintiff claims that defendants denied him due process and equal protection. Because the due process and equal protection guarantees of the Fifth Amendment apply only to federal action, see Martinez v. Roth, 53 F.3d 342 (Table), 1995 WL 261127, at *2 (10th Cir. Apr. 26, 1995), Hadl, Hofer and Riggs are not susceptible to plaintiff's Fifth Amendment claim. Under the Eighth Amendment, plaintiff claims that defendants subjected him to cruel and unusual punishment. Because Eighth Amendment protection attaches only after a criminal conviction, see Berry v. City of Muskogee, 900 F.2d 1489, 1493 (10th Cir. 1990), plaintiff cannot state an Eighth Amendment claim for conduct which occurred during his arrest. For these reasons, Hadl, Hofer and Riggs are entitled to qualified immunity on plaintiff's Fifth and Eighth Amendment claims and the Court dismisses those claims.

basis of qualified immunity.

## Analysis

Qualified immunity "shields government officials performing discretionary functions from liability 'if their conduct does not violate clearly established rights of which a reasonable government official would have known.'" <u>Graves v. Thomas</u>, 450 F.3d 1215, 1218 (10th Cir. 2006) (quoting <u>Perez v. Unified Gov't of Wyandotte County/Kansas City, Kan.</u>, 432 F.3d 1163, 1165 (10th Cir. 2005)). Hadl, Hofer and Riggs may properly raise qualified immunity in a Rule 12(b)(6) motion to dismiss; asserting such immunity in this fashion, however, "subjects the defendant[s] to a more challenging standard of review than would apply on summary judgment." <u>Peterson v. Jensen</u>, 371 F.3d 1199, 1201 (10th Cir. 2004). The Court must make two determinations in evaluating defendants' qualified immunity. First, the Court must determine whether plaintiff has alleged the deprivation of a constitutional right. <u>Peterson</u>, 371 F.3d at 1202 (citing <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001)). Second, the Court must determine whether that right was clearly established at the time of the alleged violation. <u>Id.</u> (citing <u>Saucier</u>, 533 U.S. at 201). Plaintiff bears the burden of alleging facts sufficient to allow the Court to make these determinations. <u>See id.</u> at 1202-03; <u>see also Perez</u>, 432 F.3d at 1165. If plaintiff's allegations sufficiently allege the deprivation of a clearly established constitutional right, qualified immunity will not protect defendants.

## I.    Plaintiff's Fourth Amendment Claim

Plaintiff claims that Hadl, Hofer and Riggs used excessive force in effecting his arrest by physically restraining and using pepper spray against him. The officers argue that the complaint does not state a violation of the Fourth Amendment and that, if it does, the use of pepper spray was not a clearly established violation at the time of plaintiff's arrest.

The Fourth Amendment provides an explicit textual source of constitutional protection from the use of unreasonable or excessive force in effecting a seizure. Graham v. Connor, 490 U.S. 386, 395 (1989). To establish a constitutional violation, plaintiff must demonstrate that the use of force was objectively unreasonable. Estate of Larsen v. Murr, 511 F.3d 1255, 1259 (10th Cir. 2008). In determining the reasonableness of the manner in which an arrest is made, the Court "must balance the nature and quality of the intrusion on the individual's Fourth Amendment interests against the importance of the governmental interests alleged to justify the intrusion." Scott v. Harris, 127 S. Ct. 1769, 1778 (2007). The ultimate inquiry is whether, from the perspective of a reasonable officer, the totality of the circumstances justified the use of force. Murr, 511 F.3d at 1260.

The officers argue that physical coercion and pepper spray were reasonably necessary to take plaintiff into custody. As alleged in the complaint, however, the officers used force after they had handcuffed plaintiff and without any attempt by plaintiff to flee or resist arrest.[2] Under these circumstances, plaintiff's allegations are sufficient to state a claim of excessive force in violation of the Fourth Amendment. See Martinez v. N.M. Dep't of Pub. Safety, 47 Fed. Appx. 513, 516 (10th Cir. 2002) (use of pepper spray against handcuffed individual who poses no threat or risk of flight constitutes excessive force); Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993) (officers used excessive force against handcuffed individual by beating him with flashlights, kneeing him in groin and shoving him into patrol car).

---

[2]     Plaintiff's response attaches police reports which suggest that he was aggressive and uncooperative with the officers. For purposes of the motion to dismiss, the Court does not consider this material. See Smith v. Plati, 258 F.3d 1167, 1176 (10th Cir. 2001) (on motion to dismiss, police reports constitute evidence outside of complaint which court may not consider). In its discretion, the Court will not convert the motion to dismiss into one for summary judgment. See Fed. R. Civ. P. 12(d).

The officers argue that the use of pepper spray was not clearly established as excessive force when they arrested plaintiff in June of 2006.  For purposes of qualified immunity, a clearly established right is one which is supported by a Supreme Court or Tenth Circuit decision on point, or the weight of authority from other courts.  See Edison v. Owens, 515 F.3d 1139, 1148 (10th Cir. 2008).  While the facts of the cases compared need not be identical, they must be sufficiently analogous to satisfy the particularized context necessary to support liability.  Id.  Generally, Tenth Circuit case law has "clearly established that a law enforcement officer may not use force on a compliant suspect already under the officer's control and not resisting or trying to flee."  Chidester v. Utah County, No. 06-4255, 2008 WL 635361, at *9 (10th Cir. Mar. 6, 2008) (citing Olsen v. Layton Hills Mall, 312 F.3d 1304, 1314-15 (10th Cir. 2002); Dixon v. Richer, 922 F.2d 1456, 1462-63 (10th Cir. 1991)) (considering conduct from May of 2005).  More specifically, the Tenth Circuit has recognized that even in the absence of factually similar case law, the excessiveness of using pepper spray on a non-threatening, handcuffed arrestee would be clear to a reasonable officer.  Martinez, 47 Fed. Appx. at 516-17.  Plaintiff alleges that the officers grabbed his hair and throat, sprayed him with pepper spray, and kicked and shoved him into the patrol car.  At the time of plaintiff's arrest, such force was clearly established as excessive because plaintiff was handcuffed and presented no threat or risk of flight.

Because plaintiff has alleged the violation of his clearly established right to be free from the use of excessive force in effecting an arrest, Hadl, Hofer and Riggs are not entitled to qualified immunity on plaintiff's Fourth Amendment claim and the motion to dismiss on that ground is overruled.

**II.      Plaintiff's Fourteenth Amendment Claim**

Plaintiff claims that officers Hadl, Hofer and Riggs denied him due process and equal protection in violation of the Fourteenth Amendment. The officers assert qualified immunity to these claims, which the Court considers separately.

A.      <u>Due Process</u>

Plaintiff alleges that defendants deprived him of liberty without due process of law. This claim apparently stems from the same conduct which plaintiff alleges as the basis of his excessive force claim. Where plaintiff complains of an unlawful arrest, the Tenth Circuit has explained that the Fourth Amendment protects a person's liberty interests by ensuring that any arrest is reasonable, and that "[t]he more general due process considerations of the Fourteenth Amendment are not a fallback to protect interests more specifically addressed by the Fourth Amendment in this context." <u>Becker v. Kroll</u>, 494 F.3d 904, 919 (10th Cir. 2007). In other words, plaintiff must pursue his excessive force claim under the Fourth Amendment; he cannot state a due process claim against Hadl, Hofer and Riggs which stems from their conduct during his arrest. Because plaintiff has not alleged a clearly established violation of the due process clause of the Fourteenth Amendment, Hadl, Hofer and Riggs are entitled to qualified immunity on that claim.

B.      <u>Equal Protection</u>

Plaintiff alleges that defendants denied him equal protection because he is black. To state an equal protection claim, plaintiff must allege that he was singled out for persecution due to some animosity on the part of defendants. <u>Bartell v. Aurora Pub. Sch.</u>, 263 F.3d 1143, 1149 (10th Cir. 2001). More specifically, "plaintiff must not merely allege that the government acted out of animus or spite, but also must assert that the government treated him differently from similarly situated

citizens and that no rational basis existed for such differential treatment." Marino v. Mayger, 118 Fed. Appx. 393, 400 (10th Cir. 2004).  The Court infers from the complaint that plaintiff's equal protection claim objects to the conduct of Hadl, Hofer and Riggs at the time of arrest.  Liberally construed, the complaint alleges that Hadl, Hofer and Riggs used excessive force against plaintiff because he was black and that they would not have used such force against a non-black person.  By implication, the complaint also alleges that the officers lacked a rational basis for their discriminating conduct.  These allegations are sufficient to state an equal protection claim.

The officers do not dispute that the use of excessive force against an individual because he is black is clearly established as an equal protection violation.  Because plaintiff has alleged the violation of his clearly established rights under the equal protection clause of the Fourteenth Amendment, Hadl, Hofer and Riggs are not entitled to qualified immunity on plaintiff's equal protection claim.

**IT IS THEREFORE ORDERED** that the Motion To Dismiss (Doc. #55) which Susan Hadl, Scott Hofer and Shannon Riggs filed January 17, 2008 be and hereby is **SUSTAINED in part**.  The Court dismisses plaintiff's Fifth, Eighth and Fourteenth Amendment due process claims against Hadl, Hofer and Riggs.  Plaintiff's Fourth and Fourteenth Amendment equal protection claims against the officers remain in the case.

Dated this 28th day of April, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge