**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **LOUIS G. GALLOWAY,** **Plaintiff,** v. **SUSAN HADL, et al.,** **Defendants.** | ) | **CIVIL ACTION** **No. 07-3016-KHV** |

**ORDER**

Under 42 U.S.C. § 1983, Louis G. Galloway brings suit against officers Susan Hadl, Scott Hofer and Shannon Riggs of the police department of Lawrence, Kansas and an unknown number of John Doe officers.[1] Plaintiff alleges violations of his constitutional rights by use of excessive force. This matter comes before the Court on plaintiff's Motion To Enter In Part Of Against The Douglas County Sheriff A Default Decision Of Said Sheriff Huggins and Glover ("Motion For Default Judgment") (Doc. #129) filed October 9, 2008, which the Court construes as a motion for default judgment. For reasons stated below, the Court overrules plaintiff's motion.

Plaintiff seeks default judgment against Officer Huggins and Deputy Brad Clover of the Douglas County Sheriff Office. Officer Huggins and Deputy Clover are not parties to this case, but plaintiff states that he "feel[s] they should pay me $50,000.00 for their role and continual part in evasiveness in this and Default Judgment should come against them at this time, for not a full report of the Booking the night of June 8, 2006." See Motion For Default Judgment (Doc. #129) at 2. Plaintiff also states, "[I] feel like a ruling should be made in part against the Sheriffs that is involved

[1] The Court previously dismissed the Lawrence police department and the sheriff's department of Douglas County, Kansas. See Order (Doc. #44) filed October 25, 2007 at 2-3.

and award me the sum of $50,000.00 as half of my claim for mental and physical and evasiveness with the Courts Order." See id. at 3. No defendants have responded to plaintiff's motion.

**Analysis**

The entry of default judgment is controlled by Rule 55(b), Fed.R.Civ.P., which provides in pertinent part:

> In all other cases [not subject to subpart (b)(1)] the party must apply to the court for a default judgment . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 3 days before the hearing. The court may conduct hearings or make referrals-preserving any federal statutory right to a jury trial-when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Fed. R. Civ. P. 55(b). A trial court is vested with broad discretion in deciding whether to enter a default judgment. Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987).

After he filed his motion for default judgment, plaintiff filed two motions to add new defendants including Officer Huggins and Deputy Clover. See Motion To Enter Newly Discovered Names (Doc. #131) filed October 10, 2008; Motion To Enter Sheriff As Defendants (Doc. #133). Magistrate Judge James P. O'Hara denied both motions for failure to comply with D. Kan. Rule 15.1.[2] See Order (Doc. #135) filed October 21, 2008. Judge O'Hara noted that plaintiff had missed the deadline for filing motions to amend, but he granted plaintiff until November 3, 2008, to re-file a motion which explained why he had been unable to timely file his motion for leave to amend to add

---

[2] D. Kan. Rule 15.1 provides in part: "a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right shall set forth a concise statement of the amendment or leave sought to be allowed with the proposed pleading attached. If the court grants the motion, the moving party shall file and serve the pleading within 10 days of the court's order granting the motion." D. Kan. Rule 15.1.

defendants. Id. Plaintiff did so.

Default judgment is not appropriate where the plaintiff has not effected valid service upon defendant and has not named in his complaint the defendant against whom the motion for default judgment is sought. See Evans v. Unknown Names of Dept. Correction Officers, 2008 WL 4239144, *1 (N.D. Cal., 2008) (discussing dismissal of plaintiff's motion for default judgment against various unnamed corrections officers); see also Panis v. Mission Hills Bank, N.A., 60 F.3d 1486, 1494 (10th Cir. 1995) (no abuse of discretion in denying default judgment against individual whose name was left out of caption in individual's out-of-time answer). Plaintiff has not sued Officer Huggins or Deputy Clover or effected valid service upon them.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Default Judgment To Enter In Part Of Against The Douglas County Sheriff A Default Decision Of Said Sheriff Huggins and Glover (Doc. #129) filed October 9, 2008, which the Court construes as a motion for default judgment, be and hereby is **OVERRULED**.

Dated this 2nd day of December, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge